MAY TERM, 1881, No. 180.                    .MAY 31ST, 1881.

## Menges *versus* Muncy Creek Township.

1. A judgment will not be reversed because the Court below failed to give a novel and peculiar instruction when no request to that effect was made.

2. The rule established in Huber v. Wilson, 11 Harris, p. 181, that "it was not error in the Court to omit a distinction which at most could only have affected the amount of damages, and which the party entitled to did not think proper to claim" is a salutary one.

ERROR to the Court of Common Pleas of *Lycoming County.*

Action of trespass on the case by William Edward Menges, by his next friend and father, Daniel Menges, against Muncy Creek Township for injuries alleged to have been received through the negligence of the township officers in keeping a certain road in proper condition.

The plaintiff was a boy fourteen years of age. In August, 1876, the father of the plaintiff took him with a horse and buggy to his farm, and on returning it was necessary for them to go over a steep piece of narrow road built along the side of a hill, with a very steep and high hill on the upper side of the road, and a declivity on the lower side. In going up this hill they came to a curving portion of the road and there met three teams. Menges, the father, turned his buggy off to the lower side of the road on the left, and jumping out took the horse by the head. The swingle-tree of the first team struck the buggy and overturned it. The plaintiff was thrown off into a tree below, and the buggy following on top of him, he was lodged up against the tree. He was badly injured; his neck and head and other parts of his body had received numerous bruises, and his jawbone was broken. Plaintiff presented several points of law to the Court below, but none with reference to the measure of damages.

The Court below, after charging at length upon the questions of negligence and contributory negligence, said, *inter alia:*

"The only items proper for you to consider in this action will be the pain and suffering which this boy has sustained by reason of this injury, and the permanent injuries that there may be which will affect him after he is twenty-one years of age. Because, so far as these injuries affect his power to do work or to earn money before he is of the age of twenty-one years, that belongs to the father. So that, in getting at the injury done to the son of a permanent character, you must remember that they are such injuries as would affect him after he is twenty-one years of age." And

[Menges *v.* Muncy Creek Township.]

" as to the permanent injury, it seems that one of the teeth is exposed, and there is some testimony upon the point as to the probability of the boy losing that tooth. There is a claim that the side of his face is sunken, that he has been subjected to palpitation of the heart, and that there is some defect in his speech. These are all matters for you to consider, and to fix the compensation upon if you are satisfied that they will affect his power to earn money, to do work, either mental or physical, after the age of twenty-one years, because whatever injury they are to his earning before twenty-one the father is entitled to and not the son. But whatever injury it is to his earning-power after the age of twenty-one, that far it is a proper item for compensation in this case. These are the only items which it will be proper for you to consider in fixing the amount of damages, if you find that the plaintiff is entitled to recover. You are to consider the question of pain and suffering at all times after the accident ; and you are to consider the matter of permanent injury after the boy arrives at the age of twenty-one years, and no other items, if you find he is entitled to recover."

To this part of the charge the plaintiff excepted. The jury found a verdict for the plaintiff, and assessed the damages at $25. Judgment was entered on the verdict, and plaintiff took this writ of error, assigning for cause the portions of the charge excepted to.

His paper-book did not contain the evidence. ⁕

*Clinton Lloyd* and *John J. Metzger* for plaintiff in error.

The rule laid down as to the measure of damages for permanent injuries is too narrow. The privation and inconvenience to which the plaintiff is subjected, which are in addition to bodily and mental suffering, and also in addition to the mere pecuniary loss from his disabled condition, constitute an element of damage : Scott Township *v.* Montgomery, 9 W. N. C., 389; McLaughlin *v.* City of Corry, 27 P. F. Smith, 109; Penna. R. R. Co. *v.* Books, 7 P. F. Smith, 339; Passenger R. R. Co. *v.* Donahue, 20 P. F. Smith, 119 ; Penna. R. R. Co. *v.* Allen, 53 Penna. State, 276 ; Laing *v.* Colder, 8 Barr, 479.

He was entitled to damages for any disfigurement of his person ; for deprivation of personal comfort or of capacity to derive pleasure from the use of his faculties, powers, members, or appetite, and for injuries that enhance the danger to life : Ives *v.* Humphreys, 1 E. D. Smith, 196, cited in Sedgwick on Damages, 4th ed., note, p. 618; Illinois Central R. R. Co. *v.* Barron, 5 Wallace, 90 ; Aldrich *v.* Palmer, 24 Cal., 531. The restriction of damages, in the pecu-

[Menges *v.* Muncy Creek Township.]

niary sense, to the loss of earning power after the boy becomes of age, is believed to be without the sanction of any adjudicated case.

*Henry Johnson* and *Robert P. Allen* for defendant in error.

The judge is not answerable for errors of omission to which his attention was not directed: Huber *v.* Wilson, 11 Harris, 178; Klein *v.* Franklin Ins. Co., 1 Harris, 249. The rule as to damages was properly indicated: P. R. W. Co. *v.* Donahue, 70 Penna. State, 124; P. R. R. Co. *v.* Kelly, 31 Penna. State, 372; P. R. R. Co. *v.* Zebe, 33 Penna. State, 318. The damages contended for are special, and must be specified in the declaration: Laing *v.* Colder, 8 Penna. State, 481. The damages must be strictly compensatory, and the injury must have a pecuniary value: P. R. R. Co. *v.* Books, 57 Penna. State, 339; P. & O. Canal *v.* Graham, 63 Penna. State, 299; P. R. R. Co. *v.* Keller, 67 Penna. State, 308; Same *v.* Allen, 53 Penna. State, 280; P. R. R. Co. *v.* Adams, 55 Penna. State, 503. All that plaintiff contends for was embraced in the charge: Penna. R. R. Co. *v.* Butler, 57 Penna. State, 338; Fink *v.* Garman, 4 Wr., 101. As a whole, the charge was correct: Arbuckle *v.* Thompson, 37 Penna. State, 175.

The opinion of the Court was delivered by GREEN, J.

This was an action to recover damages for an injury alleged to have resulted from the defective condition of a public road. The plaintiff is a boy who was fourteen years of age at the time of the injury. The boy's father had a personal right of action for the expenses of medical attendance, nursing, etc., and also for loss of his son's services during minority, for which a separate action could be or was brought. In this case the damages sought to be recovered were those which belonged exclusively to the boy. The learned Court below, in a very fair and full charge, of which no complaint is made, presented the facts of the case to the consideration of the jury, and directed them, if they found for the plaintiff, to allow him damages for all the pain and suffering he had endured or might endure in the future, and for all permanent injury which would or might affect his earning power after he arrived at his majority. The verdict being for the plaintiff for a small sum, he brings this writ of error, and complains that the Court laid down too narrow a rule for the damages to be recovered.

No point was put to the Court by the plaintiff as to the measure of damages. He now complains that the Court did not specially charge that, in addition to the damages mentioned,

[Menges *v.* Muncy Creek Township.]

the plaintiff might also recover for any "disfigurement of his person; for deprivation of personal comfort or of capacity to derive pleasure from the use of his faculties, powers, members, or appetite, and for injuries that enhanced the danger to life." If the plaintiff had wished for such instruction, it was very easy to ask for it, and it is hardly fair to the Court to charge it with error for not giving the peculiar and novel instruction described when no request to that effect was made. It is not necessary to decide whether, if it had been asked, it should have been given, because there is nothing on this record, as contained in the paper book, upon which such a question can be raised. As we have said, there was no point and no request of any kind calling the attention of the Court to the subject, and as none of the testimony delivered on the trial is printed, it is impossible for us to say whether there was any evidence in the case upon which such instructions could have been founded. The argument for the plaintiff in error is based upon some allusion in the charge to the possible exposure of one tooth, and to a claim that one side of the plaintiff's face is sunken, and that "he has been subjected to palpitation of the heart" and some defect in his speech. But the Court does not state, nor does it in any manner appear, that these are established facts. The allegations, such as they are, and whatever facts might bear upon those matters, were referred to the jury, with directions that if they found the plaintiff's earning power after his majority to be affected, they should allow him damages therefor. We certainly cannot say there was any error in this. As the jury only allowed $15 [$25] damages, it would seem most probable that they found there was no permanent injury of any kind. It would surely be of very questionable propriety for us to reverse in such a case in order that the plaintiff might have another opportunity to present his peculiar view, now suggested, when nothing appears on the record to show that there are any facts upon which it could be submitted; and the present verdict proves, with practical conclusiveness, that there were no such facts in the case. In Huber *v.* Wilson, 11 Harr., on p. 181, we said: "It was not error in the Court to omit a distinction which at most could only have affected the amount of damages, and which the party entitled to did not think proper to claim." This is a salutary rule, and we see no reason for departing from it in this case.

Judgment affirmed.